**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 19-CV-20533-MORENO/LOUIS**

YOEL SOCARRAS CORDOVA,

       Plaintiff,

v.

LINDA SWACINA, United States
Citizenship and Immigration Services,
*et al*.

       Defendants.

_____/

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** comes before the Court upon the Parties cross-motions for summary judgment (ECF Nos. 25 and 28). The Matter has been referred to the undersigned by the Honorable Federico A. Moreno, United States District Judge, for all pretrial matters pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the United States District Court for the Southern District of Florida. The undersigned being fully apprised in the matter recommends as follows.

**I.    BACKGROUND**

This case is an appeal from the decision of U.S. Citizenship and Immigration Services ("USCIS") denial of Plaintiff Yoel Socarras Cordova's application for adjustment of status. Plaintiff is a Cuban Citizen who first entered the United States on February 4, 2006 near Key Largo, Florida (R. 2, 187).[1] The first time Plaintiff arrived in the United States was by raft. Upon reaching the beach near Key Largo, Plaintiff abandoned his raft, and walked until he reached a gas station. Once there, someone at the gas station called the police to assist Plaintiff. The police

---

[1] All citations to the Administrative Record found at ECF No. 17.

1

arrived and in turn called immigration (R. 2, 187-188). Plaintiff was processed by immigration and released. Plaintiff was served with a Notice to Appear ("NTA") before an immigration Judge but the NTA was never filed with the Immigration Court (R. 3) and Plaintiff was paroled into the United States.

In 2008, Plaintiff attempted to depart the United States for Canada from Buffalo, New York (R. 3, 188). Canadian authorities refused Plaintiff entry into Canada and returned him to the United States. Customs Border Patrol again paroled Plaintiff into the United States and served him with an NTA. Plaintiff failed to appear for his hearing and was ordered removed *in abstentia* by the Immigration Judge on April 4, 2008 (R. 3, 168).

Two years later, in 2010, Plaintiff departed the United States for Cuba by raft (R. 3, 189-190, 208). Plaintiff stayed in Cuba for two years before deciding to come back to the United States. On April 11, 2012, United States Coast Guard ("USCG") intercepted the raft by which Plaintiff was travelling (R. 4). Plaintiff did not have in his possession any documents that would allow him to lawfully enter and remain in the United States. USCG transported Plaintiff to the United States and paroled him into the United States. Customs Border Patrol served Plaintiff with an NTA. Plaintiff failed to appear for his removal proceedings and again was issued an order of removal *in abstentia* by the Immigration Judge on August 14, 2014 (R. 5, 114, 193). Plaintiff has remained in the United States since that time.

On March 21, 2018, Plaintiff applied to USCIS to adjust his status under the Cuban Adjustment Act. In January of 2019, USCIS denied his application and administratively closed his case (R. 65). During Plaintiff's adjustment interview, Plaintiff testified under oath that his plan in returning to the United States was to enter in the same manner as when he first arrived, that is, he planned on arriving, going to a gas station and turning himself over to police so he could be

2

presented to immigration officials (R. 207-09). Plaintiff filed his complaint in February of 2019 and Defendant reopened his case to request more evidence at that time (R. 26). In June of 2019, Defendant again denied Plaintiff's application (R. 1).

## II. DISCUSSION

The Parties have cross-moved for summary judgment in this Administrative Procedures Act Appeal. Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is appropriate in cases in which a court is asked to review a decision rendered by a federal administrative agency. *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1279 (11th Cir. 2007). In the context of summary judgment, an agency is entitled to great deference. *Id*. Courts are required to uphold an agency action unless it is contrary to law, an abuse of discretion or arbitrary and capricious. 5 U.S.C. § 706(2)(A). Courts may not substitute their judgment for that of the agency and can set aside an agency's decision only if the agency relied on improper factors, failed to consider important relevant factors, or committed a clear error of judgment that lacks a rational connection between the facts found and the choice made. *Arango v. United States Dep't of Treasury*, 115 F.3d 922, 928 (11th Cir. 1997). In record review cases like this one, the "district judge sits as an appellate tribunal." *Am Bioscience v. Thompson*, 269 F.3d 1250, 1254 (11th Cir. 2007).

Plaintiff seeks in his amended complaint for this Court to accept jurisdiction over this matter; declare USCIS legal conclusions regarding his inadmissibility to not be in accordance with the law; declare USCIS decision to be arbitrary and capricious; and to order USCIS to reopen his application and adjudicate it accordingly and allow him to apply to any and all waivers available

to him (ECF No. 11 at 12).

### III. ANALYSIS

Plaintiff avers that because he attempted to arrive to the United States and present himself to immigration by way of turning himself over to police, that he was not inadmissible under 8 U.S.C. § 1182(a)(9)(C)(i)(II) and therefore USCIS' decision was arbitrary and capricious.

Plaintiff sought adjustment of his status, that if granted, would have allowed him to legally remain in the United States permanently. The Immigration Nationality Act ("INA") states that an alien who is inspected and admitted or paroled into the United States may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted if: 1) he makes an application for such adjustment; 2) he is eligible to receive an immigration visa and is admissible to the United States for permanent residence; and 3) an immigrant visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255(a).

Defendant denied Plaintiff's application for adjustment because it found that he was inadmissible pursuant to INA § 212(a)(9)(C)(i)(II) (R. 1-2). That section states that any alien who 1) has been unlawfully present in the United States for an aggregate period of more than one year; or 2) has been ordered removed under § 1225(b)(1), § 1229a, or any other provision of law, and who enters or attempts to reenter the United States without being admitted, is inadmissible. 8 U.S.C. § 1182(a)(9)(C)(i). Plaintiff claims that because he was attempting to seek legal admission, Defendant's decision to deny him adjustment on this ground was error. Defendant denies that Plaintiff is admissible and that its decision is arbitrary and capricious but also avers that this Court lacks subject matter jurisdiction to review USCIS' decision. Before reaching the merits of Plaintiff's arguments and addressing whether the USCIS' denial order was unlawful, the Court

must address the question of whether it has jurisdiction over this action. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("Federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). Accordingly, the Court turns first to Defendant's jurisdictional challenge.

### a. This Court Lacks Jurisdiction

Defendant avers in its Motion for Summary Judgment that this Court lacks jurisdiction to grant Plaintiff relief because such an order would invalidate the pending order of removal against Plaintiff (ECF No. 28 at 8).[2]

Plaintiff's amended complaint sets forth three bases which it claims grants the Court subject matter jurisdiction: 1) federal question jurisdiction, 28 U.S.C. § 1331; 2) the Administrative Procedures Act ("APA"), 5 U.S.C. § 701; and 3) the Declaratory Judgment Act, 28 U.S.C. § 2201. As a preliminary matter, neither federal question jurisdiction pursuant to 28 U.S.C. § 1331 nor the Declaratory Judgment Act independently confer jurisdiction upon federal courts. *See Hernandez v. Cissna*, No. 19-20442-CIV, 2019 WL 2643172, at *3 (S.D. Fla. June 27, 2019) (citing *Bessenyei v. U.S. Dep't of Homeland Sec.*, No. 05-22177-CIV, 2006 WL 8443899, at *3-4 (S.D. Fla. Mar. 1, 2006). "Jurisdiction must exist by virtue of another statutory or constitutional basis." *Id.* Accordingly, the Court's jurisdiction over this dispute hinges on the APA, which generally allows aggrieved parties to seek judicial review of agency actions.

The APA permits judicial review of government agency action with the exception of cases in which "statutes preclude judicial review" or "agency action is committed to agency discretion

---

[2] The Court held a status conference with the parties on December 10, 2019 (ECF No. 21). An Order following that hearing set the briefing schedule for the Parties subsequent briefings and allowed Plaintiff to respond in opposition to Defendant's Motion for Summary Judgment. Plaintiff failed to respond to the Motion.

by law." 5 U.S.C. § 701(a) ("Stripping Provision"). The question of whether the Court has jurisdiction to review the challenged denial letter thus turns on the nature of the challenged agency actions: if the agency executed a non-discretionary action based on its legal interpretation of the statute authorizing action, judicial review may be possible. *Hernandez v. Cissna*, 19-20442-CIV, 2019 WL 2643172, at *3 (S.D. Fla. June 27, 2019).

Plaintiff avers that while usually a court does not have jurisdiction to review an agency's decision on discretion, because this case arises under the Cuban Adjustment Act, which is not subject to the INA's Stripping Provision under 8 U.S.C. § 1252(a)(2)(B)(i), the Court does have jurisdiction.

Plaintiff cites to *Perez v. U.S. Bureau of Citizenship and Immigration Serv.*, 774 F.3d 960, 963 (11th Cir. 2014), for the proposition that claims arising under the Cuban Adjustment Act are not subject to the INA's jurisdiction Stripping Provision under 8 U.S.C. § 1252(a)(2)(B)(i). There, the plaintiff filed a complaint against the USCIS challenging its determination that he was "statutorily ineligible" to adjust his status under the Cuban Adjustment Act. The Eleventh Circuit found that "USCIS initial statutory-eligibility decisions, which are made before the discretionary decision whether to grant adjustment of status, are purely legal questions that do not implicate agency discretion." *Id*. at 965. By contrast, the Agency's decision challenged by Plaintiff was not based solely on its statutory interpretation. Rather, the decision lays out alternative discretionary rationale why Plaintiff's adjustment application was denied: "the negative factors in [his] case outweigh [the] few positives." (R. 7). The USCIS decision was also based on Plaintiff's "flagrant disregard for the U.S. immigration system, including failing to appear for scheduled hearings (R. 7). These are discretionary findings and thus are not subject to review.

Plaintiff's claim is an indirect attack on the Immigration Judge's order of removal. As set

forth in the INA, "notwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter. 8 U.S.C. § 1252(a)(5). Further, the INA precludes the district court form hearing, with certain exceptions not applicable here, "any cause or claim . . . any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *Id.* at § 1252(g). In sum, the INA prevents district courts from granting relief in actions like this one that directly or indirectly challenges a final order of removal. *Del Carmen Espinosa v. Swacina*, 19-21315-CIV, 2019 WL 6682836, at *2 (S.D. Fla. Dec. 6, 2019) (citing *Singh v. United States Citizenship & Immigration Services*, 878 F.3d 441, 445 (2d Cir. 2017), *as amended* (Jan. 9, 2018)). Where plaintiff seeks relief that, if granted, would invalidate a removal order, the district court lacks subject matter jurisdiction and the claim must proceed through the channels prescribed by Congress, ending in a petition for review in the proper court of appeals.

Here, Plaintiff is subject to a deportation order entered in 2014. His complaint is an indirect attack on that order. Indeed, his claims are "inextricably linked" to his removal order because USCIS administratively closed his application based on the removal order. *See Del Carmen Espinosa*, 2019 WL 6682836 at *2 (finding that a district court lacked subject matter jurisdiction where USCIS administratively closed an application for adjustment of status based on a removal order). If the Court were to determine that USCIS has jurisdiction to adjudicate Plaintiff's application for adjustment, and USCIS were then to grant the application, Plaintiff's deportation would necessarily be nullified. To be sure, USCIS and the immigration judge do not have concurrent jurisdiction over status adjustment applications. *See Singh*, 878 F.3d at 446. Because the purpose of this action is to "shift jurisdiction from the tribunal that has ordered [the plaintiff]

7

removed and to render the removal order ineffective," it is precluded by 8 U.S.C. § 1252(a)(5). *Id.*

## IV. CONCLUSION

Because the undersigned finds that the Court lacks the jurisdiction to do as Plaintiff requests, that is to Order Defendant to re-open and reconsider his adjustment application, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be DENIED and Defendant's Motion for Summary Judgment be GRANTED and the case dismissed.

RESPECTFULLY SUBMITTED in Chambers, in Miami, Florida this 22nd Day of July, 2020.

**LAUREN FLEISCHER LOUIS**
**UNITED STATES MAGISTRATE JUDGE**