UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number: 19-20533-CIV-MORENO**

YOEL SOCARRAS CORDOVA,

                Plaintiff,

vs.

LINDA SWACINA, District Director for U.S.
Citizenship and Immigration Services
(USCIS); *et al.*,

                Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE LOUIS'S REPORT AND RECOMMENDATION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THE MATTER was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, for a Report and Recommendation on the parties' cross motions for summary judgment. The Magistrate Judge filed a Report and Recommendation **(D.E. 31)**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Lauren F. Louis's Report and Recommendation is **AFFIRMED** and **ADOPTED**. After looking to the substance of the relief that Plaintiff is seeking, the Court agrees with the conclusion that Plaintiff's claim arising under the Administrative Procedure Act ("APA") is an indirect attack on the Immigration Judge's order of removal. In his objections, Plaintiff concedes as much, writing: "It is true, the approval of Plaintiff's application under the Cuban Adjustment Act ('CAA') would grant him status in the United States." "Where a plaintiff seeks relief that, if granted, would invalidate a removal order, the district court lacks subject matter jurisdiction and the claim must proceed through the channels

prescribed by Congress, ending in a petition for review in the proper court of appeals." *Del Carmen Espinosa v. Swacina*, No. 19-21315, 2019 WL 6682836, at *2 (S.D. Fla. Dec. 6, 2019). *See also Singh v. U.S. Citizenship & Immigration Servs.*, 878 F.3d 441, 446 (2d Cir. 2017) ("Singh's APA claim seeks to require the USCIS to consider the merits of his adjustment-of-status application.  This is the first step in adjusting his status to that of a lawful permanent resident.  If he succeeded in becoming a lawful permanent resident, his pending removal order would, he hopes, be rendered a nullity. . . .  [8 U.S.C. §] 1252(a)(5)'s limitation applies here . . . .").

That limitation applies here, as well, to strip the Court of subject matter jurisdiction.  The Immigration and Nationality Act states, in a section titled "[e]xclusive means of review," that "[n]otwithstanding any other provision of law . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."  8 U.S.C. § 1252(a)(5).  Elsewhere, the same act precludes district courts from hearing, with certain exceptions not applicable here, "any cause or claim by . . . any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."  8 U.S.C. § 1252(g).

Having adopted the Report and Recommendation, it is

**ADJUDGED** that Defendants' Motion for Summary Judgment **(D.E. 28)** is **GRANTED**, and Plaintiff's Motion for Summary Judgment **(D.E. 25)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 9th of September 2020.

*Federico A. Moreno*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
United States Magistrate Judge Lauren F. Louis
Counsel of Record

2